# WHEELING.

## *Ex parte* EVANS.

Submitted June 9, 1896—Decided June 20, 1896.

1. **APPEAL—WRIT OF ERROR—***Habeas Corpus.*
   The remedy for mere irregularity in the process or mere error in the proceedings of courts of competent jurisdiction is by appeal or writ of error, not by *habeas corpus;* otherwise if the process or proceedings be void.

2. **IMPRISONMENT—***Habeas Corpus.*
   Imprisonment under the process or order of a court of com-

petent jurisdiction, however irregular or erroneous, not being void, is not illegal imprisonment, so as to warrant discharge on *habeas corpus*.

3. See points 2 and 3 in *Ex parte* Mooney, 26 W. Va. 36.

A. B. FLEMING and U. N. ARNETT for plaintiff in error, cited Code, c. 106, s. 30; 5 How. Prac. 125, 131-7; 49 Cal. 465; 26 Ohio St. 654, 667; 6 Rand. 188; 7 W. Va. 380; 38 W. Va. 701; 27 W. Va. 848; 10 W. Va. 136, 137; 21 W. Va. 214; 22 W. Va. 652.

GEO. C. STURGISS and H. M. RUSSELL for defendant in error, cited Code, c. 106, ss. 1, 30, 33, 35, 36; 26 W. Va. 36, 41, 43; Hurd, Hab. Corp. (2nd Ed.) 328; 32 W. Va. 41, 43; 6 Munf. 462; 19 W. Va. 66, 67; 32 W. Va. 364; 100 U. S. 337, 371; 4 Cranch, 75; 25 W. Va. 122; 80 Va. 314; 104 U. S. 604; 30 W. Va. 554; 37 W. Va. 847.

BRANNON, JUDGE:

This is a writ of error brought by Enoch J. Evans to reverse a judgment of the Circuit Court of Monongalia county, rendered upon a writ of *habeas corpus* directed to S. W. Hare, the sheriff and jailor of said county, seeking discharge from alleged illegal imprisonment, by which judgment Evans was refused a discharge, and was remanded to prison.

The Farmers' & Merchants' Bank brought a suit in equity in the circuit court of Monongalia against Evans and others, setting up that it had discounted a note for three thousand and two hundred dollars made by Evans, and it sought to recover said debt, and levied an attachment upon certain estate of Evans, and also sued out an order of arrest in said suit under which Evans was committed to jail, the bill charging that Evans fraudulently contracted the debt by certain false representations, and the affidavits for the attachment and order of arrest alleging fraud in several respects. Evans moved the circuit court to quash the order of arrest, and his motion was overruled, and he was remanded to jail, and then he obtained the writ of *habeas corpus*.

Evans, by counsel, contends, as grounds to sustain his

writ of *habeas corpus,* that his imprisonment under said order of arrest is illegal—*First,* because the note on which the chancery suit was brought had not become due when the suit was brought, and that no order of arrest could be issued in a suit for a demand not yet due; *second,* that the affidavit for the order of arrest is defective. Suppose we say that these positions, that no order of arrest could regularly issue in a suit for a demand not due, and that the affidavit is defective, are well taken, and that the circuit court erred in not quashing the order of arrest; the question at once arises, can such matter and such error be available on a writ of *habeas corpus,* or must the party resort to an appeal? A writ of *habeas corpus* is only to test the *legality* of imprisonment. If the imprisonment is under process of a court having jurisdiction of the case, mere defects or errors not going to the jurisdiction of the court do not render the imprisonment *illegal,* and discharge can not be had on *habeas corpus.* A writ of *habeas corpus* is not, in proper sense, an appellate proceeding. It can not correct mere errors or irregularities, like an appeal, writ of error, or *certiorari.* These appellate processes can reverse proceedings both because void and for mere erroneousness, but *habeas corpus* only because void. It is, in no proper sense, appellate process. Where the imprisonment is under process or order that is void, as distinguished from irregular or erroneous, the writ of *habeas corpus* holds it for naught, disregards or ignores it as not furnishing warrant for imprisonment; but it does not operate directly on the void process or judgment by annulling or reversing it, like an appeal, writ of *certiorari,* or writ of error, but, as a collateral procedure, simply releases from the prison by ignoring the alleged warrant for imprisonment. The books sometimes call it an "appellate process," but it is in this narrow sense which hardly justifies us in calling or treating it as "appellate" in any sense. In proceedings on *habeas corpus* especially, as in many other instances, it is important to remember the distinction which the law makes between process and judgments void and those only irregular or erroneous. Voidness is one thing; irregularity or erroneousness another. But this distinction is often close, often dis-

regarded. These principles are clearly stated in *Ex parte* Mooney, 26 W. Va. 36, and applied in *Flack* v. *Fry*, 32 W. Va. 364 (9 S. E. 240). The Virginia court has aptly put this rule in *Ex parte* Rollins, 80 Va. 314, in the syllabus: "The remedy for mere errors in proceedings of courts of competent jurisdiction is by writ of error or appeal, not by writ of *habeas corpus*."

Apply these principles to this case. The circuit court of Monongalia has jurisdiction of cases under certain circumstances to enforce payment of debts. If it should mistakenly assume jurisdiction in a particular case, would its action be utterly void? Suppose it were to assume jurisdiction where the proceeding should be at law; its action would not be void but erroneous, because under some circumstances equity has jurisdiction to enforce rights strictly legal; and the mere fact that all those circumstances giving it jurisdiction in a particular case did not exist would not stamp its proceedings as utterly void. Were it, however, to assume to hang a man for murder upon a bill in chancery, its action would be void, and he would be released on *habeas corpus*, because on no state of facts could it do so.

Then, there is the clause of section 1, chapter 106, Code 1891, saying: "And such an attachment may be sued out in a court of equity for a debt or claim, legal or equitable, whether the same be due or not, upon any of the grounds aforesaid." Surely a court of equity, under this, might claim jurisdiction upon a legal claim not due, without having its steps impeached simply as void and null. Under that clause, we find this suit holding its place as a pending suit in the circuit court of Monongalia, and then comes into the matter section 30, chapter 106, allowing, "an order for the arrest of a defendant in an action or suit." But it is said that though this is a suit, yet no order of arrest can be issued in it, because it can not issue on a debt not due. That is a proper question for the decision of the court, within the circumference of the suit—a question within the scope of the suit coming up for decision, lawfully cognizable under its jurisdiction to entertain the suit. Is it possible that its order of arrest, or its order refusing to

quash it, and remanding Evans to custody under it, and thus holding him by the action of the court, is utterly void? If even it could not, in law, entertain a suit on a legal demand not due, and yet, in a suit, it were to misconstrue a writing as creating a debt already due, which an appellate court would hold not due, would its proceedings be null and void? Surely not. That would produce chaos everywhere. Its action would be only erroneous, not void. Again, suppose the fact that the affidavit for the order of arrest were defective, and ought to have been quashed, because it says that affiant "verily believes" that the defendant has removed, and is about to remove, some of his property out of the state, with intent to defraud his creditors, instead of making a more positive averment; would that mere defect in the affidavit make the order of arrest, and the action of the court under it detaining the defendant, void? It would not. Whether that defect, if a defect, was an insufficient basis for the order of arrest, was a matter for the decision of the court, and its action, if erroneous, would be merely voidable error, correctible on appeal, not void. It follows that, if any error exists, the party must seek its correction by appeal in that case, not by a collateral attack by *habeas corpus.*

We do not regard it essential, or even proper, to decide upon the matters alleged as objections to the regularity of the proceedings in the chancery case in this collateral proceeding, and thus prejudge questions which will properly arise upon an appeal, if one should be taken. Judgment affirmed.