STATE OF WEST VIRGINIA *ex rel.* ARNOLD T. FOSTER

*v.*

OTTO C. BOLES, WARDEN, WEST VIRGINIA PENITENTIARY

(No. 12211)

Submitted February 12, 1963.    Decided March 19, 1963.

656

*James M. Sprouse,* for relator.

*C. Donald Robertson,* Attorney General, *Simon M. Bailey,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

In this original proceeding the petitioner, Arnold T. Foster, seeks a writ of habeas corpus ad subjiciendum, complaining that he is being held in confinement by the respondent under a sentence of life imprisonment imposed under the provisions of Code, 61-11-18 and 19, as amended, by a court which was without jurisdiction to impose such sentence. The Code provisions involved here are generally referred to as the habitual criminal statute. The petitioner asserts that the trial court, in imposing such life sentence, did not proceed in accordance with the provisions of Section 19 of the aforesaid chapter and article and that by reason thereof any sentence in excess of that provided by statute for the principal offense is void.

On January 14, 1963, this Court awarded the writ prayed for and appointed counsel to assist the petitioner in the further prosecution of his cause. The respondent filed his return and this matter was heard on February 12, 1963, upon the pleadings and the briefs and arguments of counsel for the parties.

The petitioner was indicted by a grand jury of the Intermediate Court of Kanawha County, at its June Term, 1960, for the crime of buying and receiving stolen goods, a felony. At the September Term, 1960, of said court, the petitioner entered a plea of not guilty to the charge and, on December 1, 1960, during the September Term, trial on said charge was held. On December 2, 1960, the jury returned a verdict of guilty and the petitioner, by counsel, moved to set the verdict aside, written grounds in support of such motion being filed with the court on December 27, 1960. This motion being overruled by the court, a motion in arrest of judgment was made and was likewise overruled.

On January 4, 1961, during the said September Term, the prosecuting attorney filed an information with the Clerk of the Intermediate Court of Kanawha County, wherein he alleged that Arnold Foster had twice, prior to that proceeding, been convicted and sentenced for crimes constituting felonies.

At the January Term, 1961, the court entered an order causing the aforesaid information to be filed. The order then continued: "Thereupon the Court duly cautioned the defendant [petitioner here] and required him to say whether or not he is the same person as that named in the information filed herein as aforesaid. Whereupon the defendant acknowledged in open court that he is the same person named in the information filed by the Prosecuting Attorney * * *." The court, in said order, then sentenced the petitioner to life imprisonment as an habitual criminal.

The petitioner firmly urges that this proceeding raises three vital issues, any one of which is sufficient to void the life sentence heretofore imposed. (1) Did the Prosecuting Attorney of Kanawha County file the information immediately upon conviction, as required by Code, 61-11-19, as amended? (2) Did the filing of the said information with the Clerk of the Intermediate Court satisfy the requirements of Code, 61-11-19, as amended, requiring information to be given to the court? (3) In order to comply with the provisions of the aforesaid Code section, must the defendant be confronted, in the trial court, with the charges contained

in the information, and must his identity be established at the same term of court at which he was tried and convicted of the principal offense, or may such proceedings take place at a subsequent term of court?

Code, 61-11-19, as amended, where material, provides: "It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not * * *."

The language of the above quoted statute is clear and the procedural requirements contained therein are mandatory. This Court has so indicated by its holding in the recent case of *State ex rel. Housden v. Adams, Warden,* 143 W. Va. 601, 103 S. E. 2d 873. Point 3 of the syllabus of that case reads: "A person convicted of a felony cannot be sentenced under the habitual criminal statute, Code, 61-11-19, unless there is filed by the prosecuting attorney with the court at the same term, and before sentencing, an information as to the prior conviction or convictions and for the purpose of identification the defendant is confronted with the facts charged in the information and cautioned as required by the statute."

The procedure, as set out in Section 19 of the habitual criminal statute, expressly requires that the prosecutor not only give information of previous convictions to the court but that the court shall, *before expiration of the term at which such person was convicted,* cause such person to be brought before it and require him to say whether or not he is the same person named in the information. This language is clear and unequivocal. The record clearly reveals that

the petitioner was not confronted with the charges contained in the information until February 10, 1961, admittedly at a term of court subsequent to that at which he was tried and convicted of the principal offense. Clearly, this procedure did not satisfy the requirements of the statute (Code, 61-11-19).

When it affirmatively appears from the record in the trial of a criminal case, on an indictment for a felony punishable by confinement in the penitentiary for a period of less than life imprisonment, that the trial court entered a judgment imposing a life sentence but did not comply with the provisions of the habitual criminal act, then that part of the sentence, in excess of the maximum statutory sentence for the particular offense charged in the indictment, is void. The trial court lacks jurisdiction to render such judgment and its enforcement will be prevented in a habeas corpus proceeding. *State ex rel. Browning* v. *Tucker, Warden,* 142 W. Va. 830, 98 S. E. 2d 740.

In this case the court failed to comply with the provisions of Code, 61-11-19, as amended, in that it did not require the defendant to be confronted with the charge made in the information, nor did it require him to say whether or not he was the same person named therein, at the same term of court at which the conviction on the indictment was obtained. The jurisdiction of the Intermediate Court of Kanawha County to sentence the petitioner to life imprisonment, by the judgment rendered February 10, 1961, depended upon and was derived from the habitual criminal statute. Not having complied with the habitual criminal statute, the intermediate court was without jurisdiction to impose a life sentence on this petitioner.

Since the principal offense of which the petitioner was convicted is punishable by imprisonment for a period of one to ten years in the penitentiary, and the petitioner has not served that period of years, he is remanded to the custody of the warden until he has served the lawful sentence provided by statute. The sentence imposed in excess of that so provided by statute is void, and the petitioner is hereby relieved of the void portion of such sentence. "A

petitioner in a habeas corpus proceeding upon whom punishment by imprisonment for life has been imposed, under Code, 61-11-19, may be relieved of the void portion of the punishment, but will not be discharged from serving the maximum terms provided by statute as punishment for the principal offenses." Point 2, Syllabus, *State ex rel. Medley* v. *Skeen, Warden,* 138 W. Va. 409, 76 S. E. 2d 146.

A judgment imposing imprisonment which is void in part may be reviewed and corrected in a habeas corpus proceeding, and the mandate of this Court to that effect is sufficient authority for the respondent and others who may be thereby affected to make such adjustments in their records as will comply therewith. *State ex rel. Yokum* v. *Adams, Warden,* 145 W. Va. 450, 114 S. E. 2d 892; *State ex rel. Medley* v. *Skeen, Warden,* 138 W. Va. 409, 76 S. E. 2d 146.

In view of our holding that the petitioner must be confronted with the information at the same term of court as that at which he was tried and convicted, we deem it unnecessary to discuss the other points raised in the petition.

> *Writ discharged;*
> *petitioner remanded.*