STATE *ex rel.* JERRY N. ALBRIGHT

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12449)

Submitted May 18, 1965.          Decided June 15, 1965.

*Edwin B. Brown,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This is a petition for a writ of habeas corpus *ad subjiciendum,* instituted under the original jurisdiction of this Court by Jerry N. Albright, an inmate of the West Virginia State Penitentiary at Moundsville, West Virginia. The petitioner was indicted by the grand jury of the Intermediate Court of Kanawha County at the Regular January 1953 Term for the crime of burglary. He was arraigned on March 20, 1953, at a Special January Term, waived the right to the assistance of counsel and pleaded guilty to the charge contained in the indictment. The case was continued until April 13, 1953. The Special January 1953 Term ended April 11, 1953. The Regular April Term began on April 13, 1953, at which time the petitioner appeared in person and by counsel, and the prosecuting attorney of Kanawha County appeared and asked leave to file an information with the Intermediate Court of Kanawha County, alleging that the petitioner had a prior conviction of a felony in the Intermediate Court of Kanawha County in 1949 and the information was ordered filed. The petitioner, after being duly cautioned by the court, acknowledged that he was the same person named in the information, and the court proceeded to sentence him to confinement in the penitentiary for a term of not less than one nor more than fifteen years for the crime of burglary; and the court further stated that this sentence was to run concurrently with another sentence imposed by the Circuit Court of Fayette County on February 13, 1953, for breaking and entering with intent to commit larceny, which conviction was not contained in the information filed by the prosecuting attorney. After this, the court added an additional term of five years to the sentence of one to fifteen

years for the one prior conviction in Kanawha County in 1949, which was contained in the information filed by the prosecuting attorney.

It is the contention of the petitioner that the Intermediate Court of Kanawha County was without jurisdiction to impose the additional sentence of five years under the habitual criminal statute, Code, 61-11-18, 19, as amended, and that therefore, the additional five year sentence should be declared void.

The statute in question provides that when any person is convicted of an offense which is subject to confinement in the penitentiary, and it is determined, in accordance with the provisions of the statute, that such person has been previously convicted in the United States for a crime punishable by imprisonment in the penitentiary, the court shall add five years to the sentence for the principal offense. Code, 61-11-18, as amended. Code, 61-11-19, as amended, provides that it is the duty of the prosecuting attorney, when he has knowledge of such former conviction, to give information thereof to the court immediately upon conviction and before sentence, and further provides that the court shall, before the expiration of the term at which such person is convicted, cause him to be brought before it; and after being duly cautioned, if he acknowledge in open court that he is the same person, the court shall sentence him to further confinement as provided by the statute, Code, 61-11-18, as amended.

It has been held that the provisions of the habitual criminal statute are mandatory and must be fully complied with. *State ex rel. Housden v. Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Foster v. Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Robb v. Boles,* 148 W. Va. 641, 136 S. E. 2d 891; *State ex rel. Beckett v. Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

The uncontradicted facts in this case clearly show that the petitioner was not confronted with the information at the same term at which he was convicted of the principal offense. He pleaded guilty at a Special January Term on March 20, 1953, and such a plea has been held by this

Court to be a conviction under the provisions of the habitual criminal statute. Code, 61-11-19, as amended; *State ex rel. Robb v. Boles,* 148 W. Va. 641, 136 S. E. 2d 891. He was here not confronted with the information of a previous conviction until the term after he had pleaded guilty, and after the confrontation an additional five years was added to the sentence for the principal offense.

It therefore clearly appears that the trial court did not comply with the requirements of the statute, Code, 61-11-19, as amended, in that it failed to cause the defendant to be confronted at the same term of court at which he was convicted of the principal offense with the previous conviction contained in the information filed by the prosecuting attorney. In such case, it has been repeatedly held by this Court that the additional sentence to the maximum statutory sentence for the principal offense is void, for the reason that the trial court lacked jurisdiction to impose such sentence, and it may be attacked in a collateral proceeding in habeas corpus. *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Robb* v. *Boles,* 148 W. Va. 641, 136 S. E. 2d 891. However, it has been held that the petitioner in a habeas corpus proceeding wherein an additional sentence under the habitual criminal statute has been held void is not entitled to release from confinement in the penitentiary until the expiration of the maximum term provided by the statute as punishment for the principal offense. *State ex rel. Housden* v. *Adams,* 143 W. Va. 601, 103 S. E. 2d 873; *State ex rel. Foster* v. *Boles,* 147 W. Va. 655, 130 S. E. 2d 111; *State ex rel. Robb* v. *Boles,* 148 W. Va. 641, 136 S. E. 2d 891; *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851.

It is clear from the authorities cited herein that the additional five year sentence is void and cannot be enforced. The relief prayed for by the petitioner for this portion of the sentence is granted, but he is remanded to the custody of the Warden of the State Penitentiary to complete the portion of the valid sentence imposed for the principal offense.

*Prisoner remanded.*