STATE *ex rel.* GERALD RINGER

*v.*

OTTO C. BOLES, WARDEN, *etc.*

(No. 12692)

Submitted October 3, 1967.   Decided October 31, 1967.

George B. Vieweg, III, for relator.

C. Donald Robertson, Attorney General, Morton I. Taber, Assistant Attorney General, for respondent.

CALHOUN, PRESIDENT:

On March 16, 1953, Gerald Ringer, the relator in this original habeas corpus proceeding, was found guilty by a jury in the Intermediate Court of Ohio County upon an indictment which charged him with having committed the offense commonly referred to as malicious wounding, a felony, for which the prescribed penalty is confinement in the penitentiary for not less than two nor more than ten years. Code, 1931, 61-2-9.

At the same term of court and before sentence was imposed, the prosecuting attorney filed an information, pursuant to the habitual criminal statutes of this state, charging in adequate detail that Gerald Ringer, under the name of Gerald T. Ringer, previously had been convicted of a felony upon his plea of guilty in California on March 24, 1950, and that, pursuant to that conviction, he was sentenced to imprisonment for a period of one to twenty years in the penitentiary at San Quentin.

On March 31, 1953, the Intermediate Court of Ohio County, without having impanelled a jury to try the issues raised by the information, determined and adjudged that Gerald Ringer was the same person who had been convicted previously of a felony in California, as charged in the information and proceeded to sentence the prisoner to confinement in the West Virginia Penitentiary for an indeterminate period of two to ten years for the principal offense plus an additional period of five years, pursuant to the habitual criminal statutes, because of the prior conviction alleged in the information.

The relator alleges in his habeas corpus petition that the Intermediate Court of Ohio County was without jurisdiction to impose the additional sentence of five years on the basis of the previous felony conviction because of failure to comply properly with the provisions of the habitual criminal laws of this state, particularly the provisions for jury trial contained in Code, 1931, 61-11-19, as amended. That statute, after providing for filing of an information by the prosecuting attorney immediately following a conviction of a felony and before sentence, contains the following language which involves the legal question or questions presented for decision in this case:

"* * * Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it,

and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. *If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records.* If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledges in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen [61-11-18] of this article on a second or third conviction as the case may be." (Italics supplied.)

An order entered on March 31, 1953, in the Intermediate Court of Ohio County recites the appearance of Gerald Ringer in person and by his attorney; the appearance of the state by the prosecuting attorney; a motion in behalf of the prisoner to set aside the verdict and to grant him a new trial; arguments of counsel in relation to the motion; the action of the court in overruling the motion; and objection and exception of counsel for the prisoner to the action of the court in overruling the motion. The paragraph of the order immediately following the recitation of the court proceedings stated above is as follows:

"The court then proceeded to hear evidence on the Information heretofore filed by the State of West Virginia, charging the said defendant with a former conviction for a felony. The defendant denied being the same person named in the Information but upon testimony of Norman Mac-Ewan, Parole Officer for the West Virginia Penitentiary, it was determined that the said defendant is one and the same person as alleged in said Information."

By the next paragraph of the same order, the court proceeded to impose the indeterminate sentence of two to ten years, ''with an additional term of five years because of a former conviction.'' Copies of that order of the trial court are made exhibits with and parts of the habeas corpus petition and of the return filed in behalf of the respondent.

By the return and demurrer and by the brief and oral argument of counsel for the respondent, it is conceded that, when required by the trial court to answer, the relator denied that he was the same person named in the information and that the trial court thereupon proceeded promptly to determine that factual issue from the testimony taken at the bar of the court. The essence of the defense contention is that habitual criminal proceedings do not involve accusation of a crime, that the relator, therefore, had no constitutional right to trial by jury and that he waived such right as he may have had to a trial of the issue by a jury.

The case was submitted for decision upon the habeas corpus petition with exhibits; a return with exhibits and a demurrer to the petition; a deposition of the prisoner taken in support of the allegations and prayer of his petition; and upon briefs and oral argument of counsel.

Even if it be assumed that the right to trial by a jury provided for in the habitual criminal statute is one of such character that a prisoner may waive that right and submit the trial of the issue to the court in lieu of a jury, we are of the opinion that the trial court order entered on March 31, 1953, affirmatively discloses that the prisoner did not waive his right to trial of the issue by a jury. The record affirmatively discloses that the prisoner, upon inquiry by the court, denied that he was the same person named in the information, and that the court forthwith proceeded in lieu of a jury to try the issue raised by such denial. Furthermore, the deposition of the prisoner was duly

and regularly taken in support of the allegations of his petition at the penitentiary where he is imprisoned. The assistant to the attorney general who appeared in behalf of the respondent in this Court was present and participated in the taking of the deposition. The prisoner testified that, in connection with the proceedings in the Intermediate Court of Ohio County on March 31, 1953, he denied that he was the person named in the information; that the trial court then proceeded to hear the testimony of Mr. MacEwan; that no jury was impanelled; that the court did not inform him that it was necessary to impanel a jury to try the issue; and that neither he nor his attorney at any time during the proceedings informed the court that the prisoner did not want a jury trial ''on this identity issue.'' When asked on redirect examination why he denied that he was the person named in the corrected information, he replied: ''Because I wanted a jury to determine all this information.'' We believe, therefore, that it is clear from the trial court's order, as well as the prisoner's uncontradicted testimony, that he did not waive his right to a jury trial upon the information.

It is quite true that the proceedings under habitual criminal statutes are not criminal in the sense that they involve a charge of the commission of a criminal offense. 24B C.J.S., Criminal Law, Section 1958, page 429; 25 Am. Jur., Habitual Criminals, Section 1, page 260. Code, 1931, 62-8-4, as amended, provides that when one is convicted of a crime and sentenced to the penitentiary, the warden of the penitentiary may present an information to the Circuit Court of Marshall County, the county in which the state penitentiary is located, alleging one or more prior felony convictions of the prisoner, and provides for the procedure upon such information practically identical with the procedure provided for in the statute involved in the habitual criminal proceedings in the present case. *State v. Graham,* 68 W. Va. 248, 69 S. E. 1010, involved an appeal from the judgment of the Circuit Court of Marshall

County by which the defendant was sentenced to life imprisonment pursuant to the statute referred to immediately above. The information charged that the prisoner previously had been convicted of two felonies. On writ of error, this Court held that the proceedings on the information did not involve a charge of a criminal offense. In the second point of the syllabus, the Court stated: "By proceedings under the statute mentioned, the convict is not held to answer for a crime so as to require presentment or indictment of a grand jury, nor is he thereby twice put in jeopardy for an offense." On appeal to the Supreme Court of the United States, that court, in affirming the judgment of this Court and in upholding the constitutionality of the statute, held that the statute was not unconstitutional as depriving the prisoner of his liberty without due process of law, denying him equal protection of the law, placing him in second jeopardy for the same offense, abridging his privileges as a citizen of the United States, or inflicting cruel and unusual punishment. *Graham v. West Virginia*, 224 U.S. 616, 32 S. Ct. 583, 56 L. Ed. 917. (The opinion of the Supreme Court is also reported in 70 W. Va. 793.)

While a proceeding under the habitual criminal statutes of this state is not criminal in the sense that it involves a charge of a commission of a crime, it is true, nevertheless, that such a proceeding involves the liberty of the prisoner. Such a proceeding may result in life imprisonment following conviction of a criminal offense which in itself would involve only a comparatively short period of imprisonment. Both Article III, Section 10 of the Constitution of West Virginia, and the Fourteenth Amendment of the Constitution of the United States provide that no person shall be deprived of life, liberty or property without due process of law. In the light of these constitutional provisions, the protections, rights and safeguards afforded to a prisoner by the habitual criminal statutes cannot be disregarded or treated lightly.

Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory. In such proceedings, a court has no inherent or common law power or jurisdiction. Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner. 24B C.J.S., Criminal Law, Section 1959, page 438. This Court has consistently held that the habitual criminal statutes of this state are mandatory and jurisdictional. *State ex rel. Nutter v. Boles,* 150 W. Va. 93, 95, 144 S. E. 2d 238, 239; *State ex. rel. Albright v. Boles,* 149 W. Va. 561, pt. 1 syl., 142 S. E. 2d 725; *State ex. rel. Beckett v. Boles,* 149 W. Va. 112, pt. 1 syl., 138 S. E. 2d 851; *State ex rel. Robb v. Boles,* 148 W. Va. 641, pt. 2 syl., 136 S. E. 2d 891; *State ex rel. Bonnette v. Boles,* 148 W. Va. 649, pt. 2 syl., 136 S. E. 2d 873; *State ex rel. Foster v. Boles,* 147 W. Va. 655, 659, 130 S.E. 2d 111, 114; *State ex rel. Housden v. Adams,* 143 W. Va. 601, 606, 103 S. E. 2d 873, 876; *State ex rel. Browning v. Tucker,* 142 W. Va. 830, pt. 2 syl., 98 S. E. 2d 740.

The habitual criminal statute here in question clearly specifies how the issue raised by the allegation of the information and the prisoner's denial of identity shall be determined. In unambigious and imperative language the statute requires that "a jury shall be impanelled to inquire whether the prisoner is the same person * * *." Jurisdiction to determine that issue is conferred upon a jury to be impanelled for that purpose. No such jurisdiction is conferred upon a court acting in lieu of a jury.

For reasons stated in this opinion, the additional period of five years added to the sentence on the basis of the prior felony conviction is void and unenforceable and the prisoner is hereby relieved in this habeas corpus proceeding from serving that portion of the sentence. *State ex rel. Widmyer v. Boles,* 150 W. Va. 109, pt. 5 syl., 144 S.E. 2d 322. It appears from the record in this case that the prisoner, while on parole from

the West Virginia Penitentiary, was convicted of a felony in Oklahoma for which he was imprisoned in that state for about eight years; that his West Virginia parole was subsequently revoked; and that, therefore, he has not completed the serving of the sentence of two to ten years for the principal offense involved in this case. He is, therefore, remanded to the custody of the respondent warden to complete the serving of the sentence of two to ten years.

*Prisoner remanded.*