No. 12-0396 – *Holcomb v. Ballard*

**FILED**

**October 17, 2013**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, concurring:

Given the mandatory procedural requirement that a defendant be arraigned on a recidivist information during the same term of court in which he or she was convicted on the triggering offense, I concur in the Court's judgment. I write separately, however, to express my view that this rigid and arbitrary statutory requirement, as demonstrated by the facts of this case, is contrary to the spirit and intent of our recidivist laws and should be amended.

The petitioner was convicted of child neglect creating a substantial risk of injury or death on January 4, 2007, a Thursday. The prosecuting attorney filed the recidivist information the next day, Friday, and it was served on the petitioner on the last day of the court term, Monday, January 8, 2007. Given the inflexible and arbitrary language of West Virginia Code § 61-11-19 (1943) (Repl. Vol. 2010), and the timing of the petitioner's trial on the underlying offense, the arraignment on the information was required to occur almost instantaneously with his triggering conviction. The statute's unyielding mandate fails to account for instances such as the present one–where the timing of the defendant's conviction on the triggering offense occurs just as the clock on the court term strikes twelve–and thus, fails to afford the prosecutor any leeway as to when to proceed with the recidivist information. Likewise, the trial court, which has the inherent authority to manage its trial docket in the manner in which it sees fit, becomes hostage to the statute's arbitrary time constraint. Indeed, one can easily envision instances in which, as the days and hours of a court term quickly wind down, other urgent matters necessitating a trial court's immediate

attention arise and the arraignment of a recidivist must be delayed to the next term of court.

Our recidivist statute serves the obvious and important purpose of protecting and improving public safety by putting the most dangerous criminals in prison. A recidivist statute also deters and reduces the number of serious repeat offenders. *See* Syl. Pt. 3, in part, *State v. Jones*, 187 W.Va. 600, 420 S.E.2d 736 (1992) (stating that primary purpose of recidivist statutes is to "deter felony offenders . . . from committing subsequent felony offenses."). The inflexibility of the time constraints contained in West Virginia Code § 61-11-19 clearly frustrates this purpose.

Nonetheless, the statute at issue has remained unaltered since 1943 and our case law construing its requirements as mandatory and jurisdictional has been in existence since 1958. Prosecutors are undoubtedly aware of the statute's requirements and may well have devised practical solutions to this issue in the event of the "perfect storm," i.e. a potential recidivist being tried at or near the end of the term of court. Nevertheless, there may well be circumstances which frustrate even the most diligent prosecutor's attempt to anticipate and plan for such occurrences. Accordingly, it does not seem to be in the interest of justice to place a prosecutor "on the clock" as it pertains to a potential recidivist in a situation where the timing of the return of the triggering conviction is in the control of the jury and not the prosecutor or even the court.

To that end, it is imperative that prosecutors be vigilant in ensuring that the recidivist statute is strictly followed. As we made clear in *State ex rel. Young v. Morgan*, 173 W.Va. 452, 317 S.E.2d 812 (1984), the recidivist penalty does not survive the reversal of the underlying felony offense. The petitioner herein had already been tried and convicted on both the underlying offense

2

and the recidivist information. Thus, in light of *Young*, when he was retried near the very end of the term of court, the prosecutor should have been prepared to immediately proceed with arraignment on the recidivist information or else be barred from ever doing so. *See State ex rel. Games-Neely v. Sanders*, 220 W.Va. 230, 239, 641 S.E.2d 153, 162 (2006) ("'The prosecuting attorney is the constitutional officer charged with the responsibility of instituting prosecutions and securing convictions on behalf of the State of those who violate the criminal law . . . .'" (quoting *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 750, 278 S.E.2d 624, 630 (1981)); *see also State v. Swafford*, 206 W.Va. 390, 397, 524 S.E.2d 906, 913 (1999) (Starcher, C.J., concurring) ("A prosecutor, acting on behalf of the people, must diligently . . . enforce the rights of the public."). Thus, unless the Legislature amends the uncompromising time limitations of the recidivist statute, or provides a manner in which a prosecutor may seek a brief extension for good cause shown, prosecutors must remain extremely vigilant in the management of those cases in which recidivist charges will be pursued.

For the reasons stated herein, I respectfully concur in the majority's holding and decision to grant the petitioner the relief requested. I am authorized to state that Justice Workman joins in this concurrence.

3