557 S.E.2d 291

STATE of West Virginia Plaintiff
Below, Appellee,

v.

Timothy A. CAVALLARO, Defendant
Below, Appellant.

No. 29635.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 6, 2001.

Decided Nov. 28, 2001.

Richard H. Lorensen, Greenbrier County Public Defender, Michael R. Whitt, Lewisburg, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Heather D. Foster, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

Timothy A. Cavallaro, appellant/defendant below (hereinafter referred to as "Mr. Cavallaro"), appeals a conviction and sentence for unlawful wounding,[1] and a subsequent sentence of life imprisonment under the state's recidivist statute. Here, Mr. Cavallaro contends that the trial court was without jurisdiction to impose a life sentence under the recidivist statute.[2] The state has confessed error on this matter and agrees with Mr. Cavallaro that the life sentence should be vacated.[3] Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we affirm the conviction and sentence for unlawful wounding. However, we reverse that part of the judgment that imposes a life imprisonment sentence under the recidivist statute.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On August 12, 1999, a security guard for a Lewisburg Wal–Mart store approached Mr. Cavallaro to question him about shoplifting at the store. Mr. Cavallaro attempted to flee the scene in his automobile. During his attempted escape, Mr. Cavallaro injured the Wal–Mart security guard with his car.[4]

Mr. Cavallaro was apprehended after the incident and indicted on several charges, one of which was malicious wounding.[5] The case was tried before a jury. On June 1, 2000, the jury returned a verdict finding Mr. Cavallaro guilty of unlawful wounding, a lesser included offense of malicious wounding. After the jury was discharged, the state filed an information alleging Mr. Cavallaro had four prior felony convictions. The information sought a sentence of life imprisonment under the recidivist statute. Mr. Cavallaro was not required to answer the recidivist information until the next term of court. The next term of court began the following week, on June 6, 2000.

On July 3, 2000, Mr. Cavallaro was required, in open court, to answer the recidivist information. At that time, Mr. Cavallaro moved the trial court to dismiss the information because he was not required to answer it prior to the expiration of the term of court in which he was convicted. The trial court denied the motion. Mr. Cavallaro thereafter decided to stand mute. He neither admitted nor denied the allegations contained in the information. Consequently, a jury was summoned on September 21, 2000, to decide the issues. The jury returned a verdict against Mr. Cavallaro. On October 4, 2000, the trial court entered an order sentencing Mr. Cavallaro to life imprisonment. It is from this sentence that Mr. Cavallaro now appeals.

## II.

## STANDARD OF REVIEW

■ We must determine whether Mr. Cavallaro's sentence to life imprisonment complied with the requirements of the state's recidivist statute. We have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or

---

1. Mr. Cavallaro was also convicted and sentenced for reckless driving, destruction of property, and shoplifting. Mr. Cavallaro did not assign error to, nor does he appeal, the latter convictions and sentences.

2. Mr. Cavallaro made three other assignments of error: denial of a bench trial, the introduction of a video tape, and the denial of a motion for judgment of acquittal on the unlawful wounding charge. However, Mr. Cavallaro stated in his brief that if "this Court finds clear error and reverses [his] sentencing ... pursuant to the re-

cidivist statutes, [he] would waive and give up his secondary appeal grounds."

3. The state did not brief the other assignments of error.

4. The security guard was thrown from the car as he attempted to prevent Mr. Cavallaro from leaving.

5. Other charges included in the indictment are not before this Court.

involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). "However, in addition to the *de novo* standard of review, where an evidentiary hearing is conducted upon a motion to dismiss this Court's 'clearly erroneous' standard of review is ordinarily invoked concerning a circuit court's findings of fact." *State v. Davis*, 205 W.Va. 569, 578, 519 S.E.2d 852, 861 (1999).

## III.

## DISCUSSION

Prior to answering the recidivist information, Mr. Cavallaro motioned the trial court to dismiss the information. The basis for his motion was that no request was made of him to answer the information prior to the expiration of the term of court in which he was convicted. The trial court denied his motion. Now, Mr. Cavallaro contends that it was error for the trial court to deny the motion. Here, the state concedes that the recidivist proceeding was invalid and that the life sentence should be vacated. We agree.

■ West Virginia Code § 61–11–19 (2000), which sets forth the procedures governing recidivist proceedings, provides in pertinent part:

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not.

The provisions of this statute are mandatory. The statute must be complied with fully before an enhanced sentence for recidivism may be imposed. *See* Syl. pt. 2, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981) ("Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory. In such proceedings, a court has no inherent or common law power or jurisdiction. Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner.").

■ The disposition of the present case is controlled by *State ex rel. Housden v. Adams*, 143 W.Va. 601, 103 S.E.2d 873 (1958). *Housden* was a habeas corpus attack by the defendant on his sentence of life in prison under our recidivist statute. The defendant contended that the life sentence was invalid because he had been convicted of the underlying criminal offense in one term of court, and in a subsequent term of the court he was charged and sentenced under the recidivist statute. We agreed with the defendant in *Housden* that the recidivist statute required that he be arraigned (not tried) on the recidivist information during the same term of court in which he was convicted of the underlying crime. We held in syllabus point 3 of *Housden*:

A person convicted of a felony cannot be sentenced under the habitual criminal statute, [W. Va.] Code § 61–11–19, unless there is filed by the prosecuting attorney with the court at the same term, and before sentencing, an information as to the prior conviction or convictions and for the purpose of identification the defendant is confronted with the facts charged in the information and cautioned as required by the statute.

■ In this case, immediately after the jury was discharged, the prosecutor expressly informed the trial court that a recidivist information was being filed against Mr. Cavallaro and that the trial court had to confront Mr. Cavallaro regarding the information. The trial court erroneously believed that so long as the information was filed during the term of court in which Mr. Cavallaro was convicted, the recidivist statute was followed. Consequently, the trial court delayed arraigning Mr. Cavallaro on the recidivist information until the subsequent term of court.

Pursuant to *Housden*, the trial court was without jurisdiction under the facts of this

case to permit the prosecution and sentence of Mr. Cavallaro on the recidivist information. Consequently, we must reverse the recidivist sentence. In doing so, however, we do not disturb the sentence for the underlying conviction of unlawful wounding. *See* Syl. pt. 7, *State ex rel. Beckett v. Boles,* 149 W.Va. 112, 138 S.E.2d 851 (1964) ("A petitioner ... upon whom punishment by imprisonment for an invalid additional period has been improperly imposed under the habitual criminal statute, may be relieved of the void portion of the punishment, but will not be discharged from serving the maximum term provided by statute for the principal offense.").

## IV.

### CONCLUSION

Based upon the foregoing, we affirm the conviction and sentence for unlawful wounding. In addition, we reverse that part of the judgment imposing life imprisonment under the recidivist statute. Finally, we remand this case for further disposition not inconsistent with this opinion.

Affirmed in part; Reversed in part; Remanded.