# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2013 Term

**FILED**

**October 17, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

No. 12-0396

_____

**ROBERT L. HOLCOMB,**
Petitioner

**V.**

**DAVID BALLARD, WARDEN,**
**MOUNT OLIVE CORRECTIONAL COMPLEX,**
Respondent

_____

**Appeal from the Circuit Court of Nicholas County**
**Honorable Jack Alsop, Judge**
**Civil Action No. 09-C-44**

**REVERSED AND REMANDED**

_____

**Submitted: October 1, 2013**
**Filed: October 17, 2013**

Steven B. Nanners                        Patrick Morrisey
Nanners & Willett                        Attorney General
Buckhannon, West Virginia                Benjamin Yancey
Attorney for Petitioner                  Assistant Attorney General
                                         Charleston, West Virginia
                                         Attorneys for Respondent

**JUSTICE DAVIS delivered the Opinion of the Court.**

**JUSTICE WORKMAN and JUSTICE LOUGHRY concur and reserve the right to file concurring opinions.**

**SYLLABUS BY THE COURT**

1.      The procedural recidivist requirements of W. Va. Code § 61-11-19 (1943) (Repl. Vol. 2010) are mandatory, jurisdictional, and not subject to harmless error analysis.

2.      "'Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory.  In such proceedings, a court has no inherent or common law power or jurisdiction.  Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner.' *State ex rel. Ringer v. Boles*, 151 W. Va. 864, 871, 157 S.E.2d 554, 558 (1967)." Syllabus point 2, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

3.      A recidivist sentence under W. Va. Code § 61-11-19 (1943) (Repl. Vol. 2010) is automatically vacated whenever the underlying felony conviction is vacated.

**Davis, Justice:**

This appeal was brought by Robert L. Holcomb (hereinafter referred to as "Mr. Holcomb") from an order of the Circuit Court of Nicholas County that denied his petition for habeas corpus relief. In this appeal, Mr. Holcomb argues that the circuit court committed error in ruling that his recidivist life imprisonment sentence was valid, that his life imprisonment sentence was not disproportionate, and that his trial counsel did not improperly advise him to stipulate to the recidivist charges. After a careful review of the briefs, the record submitted on appeal, and listening to the argument of the parties, we reverse and remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On April 5, 2006, a jury convicted Mr. Holcomb of child neglect creating a substantial risk of injury or death.[1] On that same day, the State filed a recidivist information charging Mr. Holcomb with having previously been convicted of five felony offenses.[2] On August 1, 2006, a jury convicted Mr. Holcomb on the recidivist charges and he was ultimately sentenced to life imprisonment.[3] On October 13, 2006, the trial court granted Mr.

---

[1]The record does not reveal the underlying facts of the case.

[2]The prior felony offenses included: two grand larceny convictions, two receiving stolen goods convictions, and one unlawful wounding conviction.

[3]The record does not indicate the date of sentencing.

1

Holcomb a new trial on the underlying child neglect felony.[4]

A second trial on the child neglect felony was held on January 4, 2007. On the same day, a jury returned a verdict finding Mr. Holcomb guilty of the child neglect felony charge. The State filed a recidivist information on January 5, 2007, seeking a life imprisonment sentence.[5] Mr. Holcomb was not served with a copy of the information until January 8, 2007, the last day of the term of court. At a new term of court on April 30, 2007, Mr. Holcomb appeared before the trial court and admitted that he was the person named in each count of the information.[6] The trial court subsequently sentenced Mr. Holcomb to life imprisonment. On February 13, 2008, Mr. Holcomb filed a petition for appeal with this Court, which was refused.[7]

On March 17, 2009, Mr. Holcomb filed a pro se habeas corpus petition with the circuit court. Following the appointment of counsel, Mr. Holcomb filed an amended

---

[4]A new trial was granted as a result of an erroneous jury instruction.

[5]The information alleged the same offenses that were set out in the first information.

[6]Mr. Holcomb's admission was conditioned on his right to challenge the timeliness of the information proceeding on appeal.

[7]Mr. Holcomb was resentenced so that he could timely file the petition for appeal.

habeas petition on April 22, 2011.[8]  An omnibus hearing was held on August 26, 2011.

Subsequent to the hearing, the trial court entered an order denying habeas relief.  This appeal

timely followed.

## II.

## STANDARD OF REVIEW

This appeal is from an order of the circuit court denying Mr. Holcomb habeas

corpus relief.  In Syllabus point 1 of *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771

(2006), we held the following regarding the standard of review:

> In reviewing challenges to the findings and conclusions
> of the circuit court in a habeas corpus action, we apply a
> three-prong standard of review.  We review the final order and
> the ultimate disposition under an abuse of discretion standard;
> the underlying factual findings under a clearly erroneous
> standard; and questions of law are subject to a de novo review.

With this standard in mind, we proceed to determine whether the circuit court committed

error in denying habeas corpus relief to Mr. Holcomb.

---

[8]Mr. Holcomb asserted 19 grounds for relief in the petition. However, in this appeal, Mr. Holcomb has raised only three issues.  The issues that were not raised in this appeal are deemed waived.  *See Mack–Evans v. Hilltop Healthcare Ctr., Inc*., 226 W. Va. 257, 264 n.12, 700 S.E.2d 317, 324 n.12 (2010) ("To the extent that the issue was raised below, but not on appeal, it is deemed waived."); *State v. Lockhart*, 208 W. Va. 622, 627 n.4, 542 S.E.2d 443, 448 n.4 (2000) ("Assignments of error that are not briefed are deemed waived.").

**III.**

**DISCUSSION**

Mr. Holcomb contends that his second recidivist life sentence was invalid because he was not arraigned on the recidivist information during the same term of court in which he was convicted on retrial for the underlying offense.[9] The trial court held that any error in not arraigning Mr. Holcomb on the recidivist charge, during the term of court in which he was convicted, was harmless error. Here, the State now disagrees with the trial court. The State concedes that the second recidivist proceeding was invalid. However, the State urges this Court to vacate the life sentence imposed under the second recidivist proceeding, and remand the case so that the trial court can sentence Mr. Holcomb to life imprisonment under the first recidivist sentence.

We begin by observing that the issue presented requires this Court to review the language of the recidivist statute. Our rules of statutory construction are well established. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). "In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the

_____

[9]We will note as a general matter that "[s]ince a recidivist proceeding does not involve a separate substantive offense, double jeopardy principles do not bar a retrial of that proceeding." Syl. pt. 6, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979).

4

legislation." *Vanderbilt Mortg. & Fin., Inc. v. Cole*, 230 W. Va. 505, ___, 740 S.E.2d 562, 567-68 (2013) (internal quotation marks and citations omitted). We have recognized that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959). "Only when such language is ambiguous may we interpret and construe a statutory provision." *Webster Cnty.. Comm'n v. Clayton*, 206 W. Va. 107, 112, 522 S.E.2d 201, 206 (1999). We should also note as relevant to this case, "silence does not, in and of itself, render a statute ambiguous." *Griffith v. Frontier West Virginia, Inc.*, 228 W. Va. 277, 285, 719 S.E.2d 747, 755 (2011). Moreover, "it is not for [courts] arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996).

The procedure for imposing recidivist punishment on a defendant is contained in W. Va. Code § 61-11-19 (1943) (Repl. Vol. 2010).[10] This statute provides in relevant part as follows:

> It shall be the duty of the prosecuting attorney when he

---

[10]The substantive or punishment provision for recidivism is contained in W. Va. Code § 61-11-18 (2000) (Repl. Vol. 2010).

5

has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to *give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted*, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall *require the prisoner to say whether he is the same person or not. . . .*

(Emphasis added). This Court previously has held that "[t]he language of the above quoted statute is clear and the procedural requirements contained therein are mandatory." *State ex rel. Foster v. Boles*, 147 W. Va. 655, 658, 130 S.E.2d 111, 114 (1963). First, the statute requires a prosecutor to present an information to a court after a defendant is convicted, but before the defendant is sentenced. Second, a court must arraign the defendant on the information before expiration of the term of court at which the defendant was convicted.

In the analysis that follows, we will separately examine the trial court's harmless error ruling and the State's alternative sentencing proposal.

**(1) Failure to arraign Mr. Holcomb on the recidivist charge during the same term of court.** As previously noted, under W. Va. Code § 61-11-19, a trial court is obligated to arraign a defendant on a recidivist information during the term of court in which the defendant is convicted. The trial court and the parties agree that Mr. Holcomb was not

arraigned on the second recidivist information during the term of court of his second conviction. The trial court found that this error was harmless and that Mr. Holcomb could be arraigned on the second recidivist information during a subsequent term of court. There is no support in our cases for the trial court's harmless error ruling. The seminal case on this issue is *State ex rel. Housden v. Adams*, 143 W. Va. 601, 103 S.E.2d 873 (1958).

The defendant in *Housden* was convicted by a jury of sodomy. Before the defendant was sentenced, but after the term of court had expired, the State filed a recidivist information charging the defendant with having been convicted of three prior felonies. The trial court arraigned the defendant on the information, and the defendant admitted that he was the person named in the information. The trial court thereafter sentenced the defendant to life imprisonment.[11] The defendant filed a habeas corpus petition directly with this Court seeking to vacate the recidivist sentence. The defendant argued that the trial court did not have jurisdiction to impose the recidivist sentence because he was not arraigned during the term of court in which he was convicted. This Court agreed with the defendant as follows:

> Here the petitioner was convicted of a criminal offense . . . in one term of court, and in a subsequent term of the court he was charged and sentenced under the habitual criminal statute. This course of action is not in compliance with the plain and unambiguous provisions of such statute, and as compliance with the provisions of the habitual criminal statute is jurisdictional and mandatory, there can be no material deviation therefrom, and must be applied. While procedural steps relating to

---

[11]The punishment for sodomy was only one to ten years imprisonment.

> sentencing and other matters, including sentencing, may be done at a subsequent term, if the habitual criminal statute is sought to be enforced, the information must be given and the convicted person confronted with the charge of previous convictions "before expiration of the term at which such person was convicted."
>
> . . . .
>
> The judgment sentencing the petitioner to life imprisonment, being in excess of imprisonment for a term of ten years, which is the maximum sentence of imprisonment which the Circuit Court had jurisdiction to pronounce upon the verdict convicting the petitioner of the crime of sodomy, is a void judgment to the extent it exceeds the maximum sentence of imprisonment for ten years from the date of its rendition.

*Housden*, 143 W. Va. at 606-08, 103 S.E.2d at 876-77.

In *State ex rel. Foster v. Boles*, 147 W. Va. 655, 130 S.E.2d 111 (1963), we were again called upon to address the issue of a defendant being arraigned on an information in a term of court in which he was not convicted of the principal offense. The defendant in *Foster* was convicted by a jury of buying and receiving stolen goods. After the conviction, the State filed a recidivist information alleging the defendant previously had been convicted of two felony offenses. However, the defendant was not arraigned on the information until after the expiration of the term of court in which he was convicted. When the trial court arraigned the defendant on the information, the defendant admitted that he was the person named in the information. The trial court thereafter sentenced the defendant to life

8

imprisonment.[12] The defendant filed a habeas corpus petition directly with this Court seeking to vacate the recidivist sentence. One of the arguments made was that the trial court lacked jurisdiction to impose the recidivist sentence. We agreed with the defendant as follows:

> The procedure, as set out in Section 19 of the habitual criminal statute, expressly requires that the prosecutor not only give information of previous convictions to the court but that the court shall, before expiration of the term at which such person was convicted, cause such person to be brought before it and require him to say whether or not he is the same person named in the information. This language is clear and unequivocal. The record clearly reveals that the petitioner was not confronted with the charges contained in the information until February 10, 1961, admittedly at a term of court subsequent to that at which he was tried and convicted of the principal offense. Clearly, this procedure did not satisfy the requirements of the statute (Code, 61–11–19).
>
> When it affirmatively appears from the record in the trial of a criminal case, on an indictment for a felony punishable by confinement in the penitentiary for a period of less than life imprisonment, that the trial court entered a judgment imposing a life sentence but did not comply with the provisions of the habitual criminal act, then that part of the sentence, in excess of the maximum statutory sentence for the particular offense charged in the indictment, is void. The trial court lacks jurisdiction to render such judgment and its enforcement will be prevented in a habeas corpus proceeding.

*Foster*, 147 W. Va. at 658-59, 130 S.E.2d at 114.

The decision in *State ex rel. Robb v. Boles*, 148 W. Va. 641, 136 S.E.2d 891

---

[12]The punishment for buying and receiving stolen goods was one to ten years imprisonment.

9

(1964), concerned the addition of five years to a sentence under the recidivist statute. The defendant in *Robb* entered a plea of guilty to a charge of forgery. Subsequent to the conviction, the State filed a recidivist information alleging the defendant had a prior felony conviction.[13]   The court did not, however, arraign the defendant on the information until after the expiration of the term of court in which he was convicted. Upon being arraigned on the information, the defendant admitted that he was the person named in the information. The trial court thereafter sentenced the defendant to not less than two years nor more than ten years imprisonment on the forgery offense, and imposed an additional five years imprisonment on the recidivist charge.[14]   The defendant filed a habeas corpus petition directly with this Court seeking to vacate the recidivist sentence. The defendant contended that the trial court lacked jurisdiction to impose the recidivist sentence. We agreed with the defendant as follows:

> When, as here, it affirmatively appears from the record in the trial of a criminal case on an indictment for a felony punishable by confinement in the penitentiary for a period of less than life imprisonment that the trial court entered a judgment imposing an additional period of imprisonment under the habitual criminal statute, Sections 18 and 19, Article 11, Chapter 61, Code, 1931, as amended, but did not fully comply with the provisions of that statute by failing to cause the defendant in such case to be confronted with the charges in the information and to be duly cautioned at the same term of court

---

[13]The information actually alleged the defendant previously had been convicted of two felony offenses. However, without explanation, the opinion indicated that the trial court only considered one of the offenses.

[14]The court ordered the sentences be served consecutively.

10

at which he was convicted of the principal offense charged in the indictment, the added portion of the sentence, in excess of the maximum statutory sentence for such principal offense, is void for the reason that the trial court lacked jurisdiction to impose such additional sentence.

. . . .

The sentence of confinement for the additional period of five years, being void, can not be enforced. The relief from that portion of the sentence imposed upon the petitioner as prayed for by him is granted, and the petitioner after completely serving the valid portion of his sentence must be released.

*Robb*, 148 W. Va. at 647-48, 136 S.E.2d at 894-95. *See State ex rel. Albright v. Boles*, 149 W. Va. 561, 564, 142 S.E.2d 725, 727 (1965) ("It is clear from the authorities cited herein that the additional five year sentence is void and cannot be enforced."); *State ex rel. Bonnette v. Boles*, 148 W. Va. 649, 655, 136 S.E.2d 873, 877 (1964) ("The sentence of confinement for the additional period of five years, being void, can not be enforced.").

The decision in *State v. Cain*, 178 W. Va. 353, 359 S.E.2d 581 (1987), involved an amendment to an information after the expiration of the term of court in which the defendant was convicted. In *Cain*, the defendant was convicted of breaking and entering. After the conviction, the State filed an information alleging the defendant had two prior felony convictions. The defendant was properly arraigned on the information before the expiration of the term of court in which he was convicted. However, after the term expired, the State amended the information and charged the defendant with having previously committed a third felony offense. The defendant was convicted on the information and was

11

sentenced to life imprisonment. On appeal, the defendant argued that the recidivist sentence was void because he was not arraigned on the amended recidivist charge during the term of court in which he was convicted. The State argued that such amendment was proper because the recidivist statute did not expressly prohibit such amendment. Justice McHugh, writing for the Court, rejected the State's position as follows:

> We note that W. Va. Code, 61-11-19 [1943] does not explicitly prohibit a prosecuting attorney from filing an amendment or amendments to a recidivist information subsequent to the term at which a defendant was convicted and the original information was filed. However, to hold that a prosecuting attorney may file amendments to that information subsequent to the term at which the defendant was convicted would deprive the defendant of his right to confront all the charges against him, particularly when the sole reason for the amendment is to add another offense. In addition, such a holding would ignore the mandatory language as well as the spirit of the recidivist provisions embodied in W. Va. Code, 61-11-19. Furthermore, there is strong precedent in this State as evidenced by [*State ex rel. Housden v. Adams*, 143 W. Va. 601, 103 S.E.2d 873 (1958),] and its progeny for holding that amendments to a recidivist information, which in essence constitute the complete information, must be filed "before expiration of the term at which [a defendant] was convicted."

> Accordingly, we conclude that a person convicted of a felony may not be sentenced pursuant to W. Va. Code, 61-11-18, -19 [1943], unless a recidivist information and any or all material amendments thereto as to the person's prior conviction or convictions are filed by the prosecuting attorney with the court before expiration of the term at which such person was convicted, so that such person is confronted with the facts charged in the entire information, including any or all material amendments thereto.

*Cain*, 178 W. Va. at 357-58, 359 S.E.2d at 585-86 (citation omitted).

In *State v. Cavallaro*, 210 W. Va. 237, 557 S.E.2d 291 (2001), the defendant was convicted of unlawful wounding. After the conviction, the State filed a recidivist information alleging the defendant had been convicted of four prior felonies. However, the defendant was not arraigned on the information until after the expiration of the term of court in which he was convicted. A jury ultimately convicted the defendant under the information, and he was sentenced to life imprisonment. On appeal, the defendant argued that the trial court lacked jurisdiction to impose the recidivist sentence because he was not arraigned during the same term of court that he was convicted of the principal offense.[15] We agreed with the defendant as follows:

> The disposition of the present case is controlled by *State ex rel. Housden v. Adams*, 143 W. Va. 601, 103 S.E.2d 873 (1958). . . . We agreed with the defendant in *Housden* that the recidivist statute required that he be arraigned (not tried) on the recidivist information during the same term of court in which he was convicted of the underlying crime. . . .
>
> In this case, immediately after the jury was discharged, the prosecutor expressly informed the trial court that a recidivist information was being filed against Mr. Cavallaro and that the trial court had to confront Mr. Cavallaro regarding the information. The trial court erroneously believed that so long as the information was filed during the term of court in which Mr. Cavallaro was convicted, the recidivist statute was followed. Consequently, the trial court delayed arraigning Mr. Cavallaro on the recidivist information until the subsequent term of court.
>
> Pursuant to *Housden*, the trial court was without

---

[15]We note that, in *Cavallaro*, "the state concede[d] that the recidivist proceeding was invalid and that the life sentence should be vacated." *Cavallaro*, 210 W. Va. at 239, 557 S.E.2d at 293.

jurisdiction under the facts of this case to permit the prosecution and sentence of Mr. Cavallaro on the recidivist information. Consequently, we must reverse the recidivist sentence. In doing so, however, we do not disturb the sentence for the underlying conviction of unlawful wounding.

*Cavallaro*, 210 W. Va. at 239-40, 557 S.E.2d at 293-94.

Under the teachings of *Housden* and its progeny, we make clear today, and so hold, that the procedural recidivist requirements of W. Va. Code § 61-11-19 (1943) (Repl. Vol. 2010) are mandatory, jurisdictional, and not subject to harmless error analysis. *See State ex rel. Ringer v. Boles*, 151 W. Va. 864, 871, 157 S.E.2d 554, 558 (1967) ("This Court has consistently held that the habitual criminal statutes of this state are mandatory and jurisdictional."). In the instant proceeding, the State failed to comply with the requirements of W. Va. Code § 61-11-19 insofar as Mr. Holcomb was not arraigned on the information during the term of court in which he was convicted of the principal offense. The trial court found that this error was harmless. Our holding today has made clear that the harmless error analysis is inapplicable to a violation of the procedures outlined under W. Va. Code § 61-11-19.

(**2**) **The status of a recidivist judgment when the underlying conviction is vacated.** As pointed out earlier, the State concedes that the circuit court committed error in applying harmless error to Mr. Holcomb's improperly held second recidivist proceeding. However, the State urges this Court to remand the case so that the trial court can merge the

14

first recidivist sentence with the second conviction for felony child neglect. Although this Court understands that judicial economy would be served by allowing the prior valid recidivist judgment to be used against Mr. Holcomb, our cases teach us that judicial economy has limitations under W. Va. Code § 61-11-19. We have made clear that

> "[h]abitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory. In such proceedings, a court has no inherent or common law power or jurisdiction. Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner." *State ex rel. Ringer v. Boles*, 151 W. Va. 864, 871, 157 S.E.2d 554, 558 (1967).

Syl. pt. 2, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). In other words, the "[h]abitual criminal statutes are generally held to be highly penal, in derogation of common law, to be strictly construed against the prosecution and not to be extended to embrace cases not falling clearly within the statutory provisions." *State ex rel. Smith v. Boles*, 150 W. Va. 1, 8, 146 S.E.2d 585, 590 (1965) (Calhoun, J., dissenting). There is no language in W. Va. Code § 61-11-19 that permits the alternative disposition argued by the State.

Although the State contends that this Court has not previously addressed the issue of what happens to a recidivist sentence when the principal conviction is reversed, we have, in fact, previously squarely addressed the issue. This issue was confronted by the Court in *State ex rel. Young v. Morgan*, 173 W. Va. 452, 317 S.E.2d 812 (1984). The

15

defendant in *Young* was convicted of second degree murder. He was subsequently properly arraigned on a recidivist information for having previously been convicted of one prior felony. Upon a determination that the defendant was the person charged in the information, the trial court added an additional five years to his sentence, as required by the recidivist statute. The defendant's conviction for second degree murder was ultimately vacated by a federal court in a habeas proceeding. The State retried the defendant, and he was found guilty of first degree murder. The trial court sentenced the defendant to life imprisonment. As a result of the sentence, the State did not file a new recidivist information. The defendant appealed the first degree murder conviction to this Court. On appeal, this Court vacated the defendant's first degree murder conviction on double jeopardy grounds,[16] and remanded the case back to the circuit court for resentencing for second degree murder. On remand the State filed a new information seeking to impose recidivist punishment during the resentencing proceeding. The defendant filed a writ a prohibition with this Court seeking to prevent a new recidivist charge.

One of the arguments made by the State in *Young* was that the prior recidivist conviction was still valid, and could be imposed on the defendant, because the federal court reversed only the underlying second degree murder conviction–not the recidivist judgment. We disagreed with the State as follows:

---

[16]Double jeopardy prevents a higher conviction on retrial.

16

We find no merit in the respondent's argument that the recidivist penalty added to Young's sentence on his initial conviction of second degree murder survived the setting aside of that conviction by the federal district court. The recidivist penalty cannot survive the vacating of the principal felony offense. We have consistently held under the habitual criminal statutes that the recidivist penalty authorized for a second felony conviction must be added to and incorporated in the underlying sentence to form a single sentence. The recidivist penalty is not a separate sentence. Consequently, when Young's second degree murder conviction was set aside, he was no longer a habitual offender. The legal predicate for the penalty was removed and it fell along with the conviction.

*Young*, 173 W. Va. at 454, 317 S.E.2d at 814.[17] *See* Syl. pt. 3, *State ex rel. Keenan v. Hatcher*, 210 W. Va. 307, 557 S.E.2d 361 (2001) ("Where a recidivist proceeding has previously been initiated against a criminal defendant by an information filed pursuant to W. Va. Code §§ 61-11-18 & -19, and it is later determined that the prosecuting attorney who initiated the charge was disqualified from acting in the case at the time such instrument was filed, the recidivist information is invalid and may not serve as a basis for further proceedings.").

In view of our decision in *Young*, we make clear and now hold that a recidivist sentence under W. Va. Code § 61-11-19 (1943) (Repl. Vol. 2010) is automatically vacated whenever the underlying felony conviction is vacated. In view of our holding, Mr.

---

[17]The opinion went on to hold that the State could prosecute a new recidivist charge because the defendant delayed the proceeding by appealing the conviction. Insofar as the ground relied upon in *Young* to allow a new recidivist proceeding to take place is not before this Court, we will not address the soundness of the opinion's reasoning on that issue.

Holcomb's first recidivist sentence was vacated when the trial court set aside the principal conviction in the first proceeding. Consequently, we reject the State's request that we remand this case and order the first recidivist judgment be merged with Mr. Holcomb's second conviction for felony child neglect.[18]

# IV.

## CONCLUSION

In view of the foregoing, the recidivist life imprisonment sentence imposed upon Mr. Holcomb is void and unenforceable. This case is remanded for a determination of whether Mr. Holcomb has served the maximum term for his conviction under W. Va. Code § 61-8D-4(e) (1996) (Repl. Vol. 2010).[19] *See* Syl. pt. 5, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979) ("The void portion of a judgment can be attacked in a habeas corpus proceeding, but if there remains a valid portion of the sentence yet to be served, the relator is not entitled to a discharge."); Syl. pt. 3, *State ex rel. Albright v. Boles*, 149 W. Va. 561, 142 S.E.2d 725 (1965) ("Where an additional sentence imposed under the provisions of the habitual criminal statute is void, a petitioner in a habeas corpus proceeding is not entitled to release from confinement in the penitentiary until the expiration of the

---

[18]Because of our resolution of the Mr. Holcomb's first assignment of error, we need not address his remaining assignments of error.

[19]The punishment under this statute is a fine of three thousand dollars and confinement for not less than one nor more than five years.

18

maximum term provided by the statute as punishment for the principal offense."); Syl. pt. 2, *State ex rel. Medley v. Skeen*, 138 W. Va. 409, 76 S.E.2d 146 (1953) ("A petitioner in a habeas corpus proceeding upon whom punishment by imprisonment for life has been imposed, under Code, 61–11–19, may be relieved of the void portion of the punishment, but will not be discharged from serving the maximum terms provided by statute as punishment for the principal offenses.").  If it is determined on remand that Mr. Holcomb has served the maximum sentence for the felony child neglect conviction and is not serving an unexpired sentence for another offense, he is to be discharged from confinement forthwith.

Reversed and Remanded.