# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Petitioner**

**FILED**

**April 25, 2014**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0433** (Mercer County 13-PCR-14)

**Roger Wayne Garman,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger Wayne Garman, by counsel Thomas J. Gillooly, appeals the order entered by the Circuit Court of Mercer County on March 28, 2013. Petitioner asserts that the circuit court erred when it denied his request to overturn his magistrate court conviction for misdemeanor domestic violence. The State of West Virginia, by counsel Laura Young, filed a summary response in support of the circuit court's order. Petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error and concludes that a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 15, 2012, petitioner was charged in magistrate court with one count of domestic violence against his minor daughter. *See* W.Va. Code § 61-2-28(a). Petitioner was appointed a public defender. On December 13, 2012, pursuant to a plea agreement, petitioner pled no contest to domestic battery. Petitioner and his defense counsel completed and signed the standard "Guilty or No Contest Plea" form containing a recitation of the rights that petitioner was waiving. This form included an acknowledgement that the plea was voluntary. The magistrate accepted the plea; sentenced petitioner to a suspended jail sentence plus fines and costs of $165; and referred petitioner to domestic violence intervention classes.

After obtaining new counsel, petitioner filed a "Verified Amended Petition for Appeal of Magistrate Court Judgment and for Writ in the Nature of Habeas Corpus, Prohibition, or Mandamus" in circuit court. Petitioner sought to overturn the conviction by arguing that his plea was involuntary, thus he was denied his constitutional right to due process. He also asserted that he was innocent of any crime. After a hearing where petitioner testified, the circuit court denied the petition by order entered on March 29, 2013.

Petitioner now appeals the circuit court's March 29, 2013, order to this Court. As an initial matter, we note that the pleading petitioner filed in circuit court sought relief as either a

1

petition for direct appeal or as a petition for extraordinary relief. The circuit court rejected the petition on all grounds. On appeal to this Court, petitioner addresses only the viability of his direct appeal. He makes no mention or analysis of the elements required for extraordinary relief. We have frequently said that any non-jurisdictional issues not raised on appeal are deemed waived. *See, e.g., Holcomb v. Ballard*, 232 W.Va. 253, ___ n.8, 752 S.E.2d 284, 286 n.8 (2013). Accordingly, we will treat this petition as an appeal of only the circuit court's order denying his direct appeal.[1]

When considering this appeal, we apply the following standard of review. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

**Discussion**

The circuit court recognized that West Virginia Code § 50-5-13(e) [2008 Repl. Vol.] and Rule 20.1(a) of the Rules of Criminal Procedure for Magistrate Courts ordinarily bar an appeal by a criminal defendant who, with the assistance of counsel, pleads guilty in magistrate court.[2] However, because petitioner asserted that his plea was involuntary and in violation of his due process rights, the circuit court held a hearing to take evidence on the circumstances of the entry of the plea. As set forth below, the circuit court ultimately determined that the plea was voluntary and, therefore, denied the petition for appeal.

Petitioner asserts that when accepting his plea, the magistrate failed to personally address him in open court to inquire into the voluntariness of his plea, a step required by Rule 10(c) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia.[3] There is no record

---

[1]The circuit court denied the request for extraordinary relief upon finding that habeas did not lie because petitioner is not incarcerated; prohibition did not lie because no court exceeded its jurisdiction or legitimate powers; and mandamus did not lie because there is no clear legal right to relief. The circuit court's reasons for denying the petition for appeal are discussed infra.

[2]Although West Virginia Code § 50-5-13(e) and Rule 20.1(a) expressly apply to "guilty" pleas, the parties do not dispute that these provisions also apply to petitioner's no contest plea. The result of either a guilty plea or a no contest plea is a finding of guilt.

[3]Rule 10(c) of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia provides,

> The magistrate shall not accept a plea of guilty or no contest without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The magistrate shall also inquire as to whether the defendant's willingness to plead guilty or no contest results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

2

of the plea hearing, but the circuit court took judicial notice of the fact that the magistrate did not go over petitioner's rights with petitioner prior to accepting the no contest plea. Petitioner's counsel proffered to the circuit court his understanding that this magistrate's practice is to have the prosecuting attorney go over the rights form with a defendant before the plea is entered. The assistant prosecutor proffered that, in other cases, this magistrate's practice has been to ask defendants whether the prosecutor and defense counsel went over their rights with them. Accordingly, it is undisputed that the magistrate did not comply with the plea colloquy requirement of Rule 10(c) when accepting petitioner's plea.

We have not previously written an opinion involving a magistrate court's failure to comply with the colloquy requirement of Rule 10(c). However, we have issued opinions involving a circuit court's failure to comply with Rule 11 of the West Virginia Rules of Criminal Procedure, which pertains to a circuit court's acceptance of pleas in criminal cases. With regard to the circuit court rule, we concluded that "[d]ue process only requires that a guilty plea be voluntary, knowing and intelligent. The requirements of Rule 11, while they assist in ensuring that guilty pleas comport with this basic constitutional requirement, are not of themselves of constitutional significance." *State ex rel Vernatter v. Warden*, 207 W.Va. 11, 19-20, 528 S.E.2d 207, 215-26 (1999). We adopted the following new syllabus point in *Vernatter*:

> "A habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty."

Syl. Pt. 10, *Id.,* 207 W.Va. 11, 528 S.E.2d 207 (1999). *See also Thomas v. Leverette*, 161 W.Va. 224, 227, 239 S.E.2d 500, 502 (1977) (pointing out that *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), the precursor to Rule 11, merely "suggested specific inquiries that should be made of the defendant at the time his guilty plea is taken in order to forestall future attack on the guilty plea by way of a habeas corpus proceeding. *Call* acknowledged that the failure of the trial court to follow each suggested inquiry would not invalidate the guilty plea.").

The same analysis would apply to magistrate court pleas. Accordingly, although the magistrate herein failed to comply with the plea colloquy requirement of Rule 10(c), it does not necessarily mean that petitioner's plea was involuntary. Petitioner must make the showing required by Syllabus Point 10 of *Vernatter*.

After considering petitioner's testimony and reviewing the magistrate court record, the circuit court concluded that petitioner did not meet his burden of proving that his plea was involuntary. Petitioner argues that the court did not consider the totality of the circumstances surrounding the entry of his plea, but we disagree. The record on appeal shows that the circuit court considered each of the issues petitioner raised. The court simply did not find petitioner's reasons to be credible or supported by the record. Upon a review of the record on appeal, we find

no error in the circuit court's findings.

During the circuit court hearing, petitioner gave various reasons to support his involuntariness claim. He testified that his plea was involuntary because he was upset during the plea hearing by the presence of the courtroom bailiff, who used to be petitioner's neighbor. Petitioner testified to past incidents between his family and the bailiff while they were neighbors. However, petitioner admitted that they are no longer neighbors and the bailiff acted professionally during the plea hearing. Petitioner does not claim that the bailiff was involved in the plea bargaining process in any way.

Petitioner also testified that a female employee in the prosecutor's office told him the charge was not going to be prosecuted. However, petitioner never identified this employee, called her as a witness, or explained when this alleged discussion took place. Petitioner testified that this employee signed a document for him, but his testimony is unclear about the nature of this alleged document, and he never produced the document for the court.

Next, petitioner testified that his then-lawyer told him that if he did not sign the plea form, he would go to jail where his medications would be withheld. It is noteworthy that petitioner did not call his former lawyer to testify at the circuit court hearing, so there is no support for this accusation other than petitioner's self-serving testimony.

In his brief to this Court, petitioner suggests that another reason he pled no contest was his fear of the prospect of being housed with male inmates in jail. The brief explains that petitioner has an intersex condition and, although raised as a male, petitioner now lives as a female. However, during his circuit court testimony, petitioner never pointed to this condition as a reason for entering the plea. Accordingly, this argument is not supported by the record on appeal.

Petitioner also argues that the plea was involuntary because he was innocent of any crime. He asserted that during the incident with his daughter, he was only trying to stop her from harming her brother, and that Child Protective Services ("CPS") investigated and found no abuse. However, whether CPS found evidence to substantiate the initiation of an abuse and neglect case, is not the test to determine whether an incident of criminal domestic violence was committed. If petitioner believes that he was factually innocent, he could have exercised his right to go to trial. In a related argument, petitioner contends that this conviction might harm his relationship with his children and impact his pending child custody and visitation case. These arguments do not constitute grounds to set aside a valid conviction. Once a defendant knowingly and intelligently waives his rights, he cannot be heard to complain thereafter. *See e.g., Call v. McKenzie*, 159 W.Va. at 195-96, 220 S.E.2d at 669. Furthermore, "[w]hen a defendant enters into a valid plea agreement with the State that is accepted by the trial court, an enforceable 'right' inures to both the State and the defendant not to have the terms of the plea agreement breached by either party." Syl. Pt. 4, *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998).

Importantly, petitioner never testified that his lawyer failed to go over his rights with him, and he does not specify any constitutional right that he allegedly misunderstood when entering the no contest plea. He does not claim that he was unaware of the sentence he was facing, or that

4

he misunderstood that he was giving up his right to a trial, or that the prosecutor or court somehow violated the plea agreement. He does not assert that he is incompetent or illiterate, and the plea form he and his lawyer signed very clearly indicated that his no contest plea was voluntary and the equivalent of being convicted after a trial. Petitioner failed to call his former lawyer as a witness, even though the lawyer was a participant in the plea discussions and hearing.

We absolutely do not condone the magistrate court's failure to abide by Rule 10(c). However, petitioner has not shown that his plea was involuntary. Accordingly, we find no reversible error and affirm the circuit court's denial of petitioner's direct appeal.

Affirmed.

**ISSUED:**  April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II