**FILED**

**June 3, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)   No. 15-1003** (Wood County 03-F-180)

**John B. Christian,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner John B. Christian, pro se, appeals the September 15, 2015, order of the Circuit Court of Wood County denying his motion to correct an illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel Zachary Aaron Viglianco, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 23, 2003, petitioner was indicted for first degree murder and unlawful possession of a firearm. On March 4, 2005, petitioner entered into a plea agreement pursuant to which he agreed to plead guilty to second degree murder and admitted to being a recidivist. Petitioner admitted that he was the same person "who was previously convicted of the felony of Aggravated Assault in the Circuit Court of Pinellas County, State of Florida, on or about the 27th day May, 1983." In exchange, the State agreed not to pursue the firearm charge. At the plea hearing, petitioner's attorney advised the circuit court that petitioner was accepting the plea agreement because it allowed him to avoid a recidivist life sentence pursuant to West Virginia Code § 61-11-18(c). Instead, petitioner pled guilty to having been once previously convicted of a felony offense pursuant to West Virginia Code § 61-11-18(a) which would enhance his sentence only by five years. Petitioner confirmed that this was the agreement with the State:

> THE COURT:  .  .  .  Is the State of West Virginia agreeing to do anything else, other than that?

1

PETITIONER:   Not to pursue any recidivist against me, except what's in here.

THE COURT:   Except for the one felony conviction?

PETITIONER:   Yes, sir.

Following the colloquy with petitioner in which the circuit court undertook pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), the court found that "[petitioner] has knowingly, intelligently, voluntarily entered into the Plea Agreement; that [petitioner] knows and understands the terms and conditions of the Plea Agreement and the effect upon him of entering into the plea." The circuit court further found that "[petitioner] has freely, knowingly, intelligently, and waived his constitutional rights, entered his guilty plea, and pled guilty[.]" The circuit court accepted petitioner's guilty pleas as to both the second degree murder charge and the recidivist information. The circuit court subsequently sentenced petitioner to forty years of incarceration for the murder conviction with an additional five years pursuant to West Virginia Code § 61-11-18(a) at a May 24, 2005, sentencing hearing. Petitioner appealed the circuit court's sentencing order. This Court refused petitioner's appeal on May 11, 2006.

On August 21, 2015, petitioner filed a motion to correct an illegal sentence pursuant to Rule 35(a) on the ground that the enhancement of his sentence was not proper because the procedures set forth in West Virginia Code § 61-11-19 were not followed.[1] The circuit court denied petitioner's motion in an order entered September 15, 2015. In its order, the circuit court ruled, as follows:

> What [petitioner] fails to state in his Motion is the enhancement of his sentence was part of a written Plea Agreement that he accepted. A copy of the Plea Agreement is attached to this Order. As is shown by the Plea hearing transcript, which is part of the record in this case (the change of plea hearing occurring on March 4, 2005), the fact that a recidivist information was going to be filed, and that he would have his sentence enhanced accordingly, was clearly discussed at several points in the hearing.[2]

> Further, after going through the plea colloquy, the Court found that [petitioner] made a knowing and intelligent waiver of his rights and that he knowingly and intelligently entered into the Plea Agreement.

---

[1] While West Virginia Code § 61-11-18 contains the recidivist statute's substantive provisions, West Virginia Code § 61-11-19 sets forth the procedural requirements for imposing a recidivist sentence.

[2] We note that the plea agreement, the March 4, 2005 plea hearing transcript, and the recidivist information are included in the record on appeal and have been reviewed by this Court.

Based upon a review of the change of plea hearing and the record in this case, [petitioner]'s *pro se* Motion to Correct Illegal Sentence Under Rule 35(a) is ORDERED Denied.

Petitioner now appeals the circuit court's September 15, 2015, order denying his motion to correct an illegal sentence pursuant to Rule 35(a). In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

"The procedural recidivist requirements of [West Virginia] Code § 61-11-19 (1943) (Repl. Vol. 2010) are mandatory, jurisdictional, and not subject to harmless error analysis." Syl. Pt. 1, *Holcomb v. Ballard*, 232 W.Va. 253, 752 S.E.2d 284 (2013). However, a defendant may waive a requirement of West Virginia Code § 61-11-19. *State v. Plymail*, No. 14-0016, 2015 WL 7628723, at *8 (W.Va. Nov. 20, 2015) (memorandum decision) (citing *State v. Crabtree*, 198 W.Va. 620, 627, 482 S.E.2d 605, 612 (1996)).[3]

On appeal, petitioner contends that the procedural requirements of West Virginia Code § 61-11-19—and, accordingly, his due process rights—were violated. West Virginia Code § 61-11-19 provides, in pertinent part, as follows:

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being

---

[3] *State v. Plymail*, No. 14-0016, 2015 WL 7628723, at *8 (W.Va. Nov. 20, 2015) (memorandum decision), involved application of the invited error rule which is "a branch of the doctrine of waiver." (quoting *State v. Crabtree*, 198 W.Va. 620, 627, 482 S.E.2d 605, 612 (1996)).

duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen [W.Va. Code § 61-11-18] of this article on a second or third conviction as the case may be.

First, petitioner alleges that he did not have notice that a recidivist information would be filed against him at the plea hearing. We find this assertion dubious given that, in the plea agreement, petitioner admitted to the felony conviction upon which the recidivist information was based. Moreover, at the plea hearing, petitioner confirmed to the circuit court that the plea agreement contemplated his being charged as a recidivist pursuant to West Virginia Code § 61-11-18(a). Therefore, we reject petitioner's contention that he did not have notice of the recidivist information.

Second, petitioner contends that he was not "duly cautioned" that he had a right not to admit being the same person who committed the prior felony set forth in the recidivist information and to have a jury trial on the issue, as required by West Virginia Code § 61-11-19. Upon our review of the plea hearing transcript, we find that the circuit court informed petitioner that he did not have to admit to the recidivist information and that he would be entitled to a jury trial on the issue. Therefore, we reject petitioner's contention that he was not "duly cautioned" as required by West Virginia Code § 61-11-19.

Finally, petitioner contends that the recidivist information was filed at the plea hearing before the circuit court accepted his guilty plea which was, therefore, before he was convicted within the meaning of West Virginia Code § 61-11-19. The State counters that petitioner's argument is a highly technical one, and one that he waived by entering into the plea agreement. We agree with the State. In *Plymail*, the defendant argued that his recidivist life sentence was invalid because the circuit court did not arraign him on the recidivist information in the same term of court in which he was convicted of the triggering offense in violation of West Virginia Code § 61-11-19. 2015 WL 7628723, at *6. However, we determined that there was no error because the defendant "requested [the] delay in his arraignment on the recidivist information." *Id.* at *8. Similarly, in the instant case, petitioner voluntarily entered into a plea agreement and agreed to being convicted on a recidivist information. Accordingly, we find no error with regard to the timing of the recidivist information's filing at petitioner's plea hearing. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(a) motion to correct an illegal sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 3, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II